[No. 9587. In Bank. — November 3, 1887.]

## E. S. NEWELL ET AL., RESPONDENTS, *v.* THOMAS DESMOND, SHERIFF, ETC., APPELLANT.

PRACTICE — DEPOSITION OF PLAINTIFF — ADMISSIBLE WITHOUT PROOF OF ABSENCE. — The deposition of a plaintiff, taken at the instance of the defendant, under subdivision 1 of section 2021 of the Code of Civil Procedure, may be read in evidence on the trial, without first showing the absence of the witness.

SALE — PROPERTY NOT IN EXISTENCE — CHANGE OF POSSESSION — INSTRUCTIONS. — The action was brought by the vendees of a book-store to recover the possession of their stock in trade, which had been levied upon under an execution against their vendor. The defendant claimed that the sale to the plaintiffs had not been accompanied by an immediate delivery and continued change of possession. The evidence of the plaintiffs showed that none of the property levied upon had ever belonged to their vendor, but was new stock, which had been purchased by them subsequent to the sale attacked. On the trial, the court instructed the jury, in effect, that if the property levied upon was not in existence at the time of the sale, then there could not have been a change of possession as to it, and the requirements of section 3440 of the Civil Code, with reference to a change of possession, would not apply, and the sale would be valid, even as against creditors, without reference to the question of change of possession. *Held*, that the instruction was proper.

APPEAL from an order of the Superior Court of the city and county of San Francisco refusing a new trial.

From 1876, until December, 1877, one Cadman was the owner of a book-store, and carried on the business thereof under the name of " H. Keller & Co." On the last-mentioned date he sold a half-interest in the business to Max H. Fay, and thereafter Cadman and Fay carried on the business until May, 1878, when Cadman, with Fay's consent, sold his half-interest to the plaintiff, E. S. Newell, but remained in the store as an employee, acting as manager for Newell. On the 6th of December, 1878, one Sutton recovered a judgment against Cadman, upon which an execution was issued on the 15th of November, 1880. On the 19th of November, 1880, the defendant, as sheriff of the city and county of San Francisco, levied

the execution upon all the goods in the store of the plaintiffs as the property of Cadman. The plaintiffs thereupon brought the present action to recover possession of the property from the defendant. On the trial, the plaintiffs offered testimony tending to show that none of the property levied upon, except books worth about forty dollars, was in the store when Cadman sold his interest, but that all of such property had been subsequently purchased. The court instructed the jury that if they "should find that the property levied on in the action of *Sutton* v. *Cadman* was not in existence at the time of the alleged transfer by Cadman to Fay and to Mrs. Newell, then there could not have been a change of possession. as to that property, and the provisions of the Civil Code, section 3440, in reference to change of possession, would not apply, and the transfer would be valid, even as against creditors, without reference to the question of change of possession." The jury rendered a verdict in favor of the plaintiffs, upon which judgment was entered. The defendant moved for a new trial, which was denied. The further facts are stated in the opinion of the court. The case is reported on a prior appeal in 63 Cal. 242

*Henry E. Highton, F. W. Carter*, and *Calhoun Benham*, for Appellant.

*George W. Tyler*, and *W. B. Tyler*, for Respondents.

TEMPLE, J.—We think the court did not err in overruling the objections to the deposition of plaintiff Fay, on the ground that Fay was present in the court when the deposition was read.

The deposition was taken at the instance of defendant under section 2021 of the Code of Civil Procedure, subdivision 1.

It is expressly provided in section 2032 of the Code of Civil Procedure: "If the deposition be taken under subdivisions 2, 3, and 4 of section 2021, proof must be

made at the trial that the witness continues absent or infirm, or is dead." Subdivision 5 relates to cases where the oral examination is not required. Subdivision 6 expressly provides that the deposition authorized to be taken by it shall not be used if the presence of the witness can be had. The sole purpose of enumerating the subdivisions at all, in section 2032, was to provide that the deposition authorized by subdivision 1 could be read without showing the absence of the witness.

The verdict of the jury establishes the fact that the sales made by Cadman were *bona fide.* As to the necessity of delivery and a continued change of possession under the circumstances, the law is correctly stated in the instructions given by the court.

There was no evidence on the part of defendant that any of the books levied upon ever belonged to Cadman and Fay. Cadman testified for plaintiff that none of the books taken were on hand when the transfer was made, except one set, of the value of forty dollars. The burden of proof on this point was on the defendant. The verdict cannot be disturbed on this ground.

There was evidence which tended strongly to prove actual fraud in both transfers made by Cadman, but this was left to the jury under proper instructions, and their verdict was for plaintiff.

Order affirmed.

SHARPSTEIN, J., PATERSON, J., SEARLS, C. J., McFAR-LAND, J., McKINSTRY, J., and THORNTON, J., concurred.