[L. A. No. 15414. In Bank.—January 3, 1936.]

LORETTA M. HURTEL et al., Appellants, v. ALBERT COHN, INC. (a California Corporation), et al., Respondents.

Charles L. Nichols and Harmel L. Pratt for Appellants.

Harry D. Parker and Parker & Stanbury for Respondents.

THOMPSON, J.—This appeal is taken by the plaintiffs from a judgment rendered on a verdict in favor of the defendants in an action to recover for personal injuries sustained by Mrs. Hurtel when struck by a truck owned by the defendant corporation and operated by the defendant Bishop, one of its employees. The accident occurred at the intersection of Second and Fremont Streets, which is within the congested area of the city of Los Angeles, and at a point within the area designated as a "pedestrian lane". The corner was controlled by mechanical traffic bells and signs, one of each being at each corner of the intersection. On the ringing of the first bell the "go" signs were changed to "stop" and,

upon the ringing of the second bell, the "stop" signs which were up in the other direction changed to "go". It appears that, upon the ringing of the first bell, Mrs. Hurtel left the sidewalk from the northerly curb of Second Street and proceeded southerly across Second Street. The defendant's truck, traveling westerly on Second Street, struck the plaintiff, inflicting the injuries complained of.

The appellants complain that the court committed prejudicial error in instructing the jury that a violation of a city traffic ordinance by the plaintiff constituted contributory negligence. They also complain because plaintiffs were denied the right to prove the custom of pedestrians in Los Angeles to commence to cross the street upon the ringing of the first bell and that the court misinstructed the jury with respect to the reciprocal duties of pedestrians and drivers on city streets and that the court erred in admitting in evidence the deposition of Mrs. Hurtel, taken by defendants prior to trial.

■ Considering these claims of error in their order, it is a well-settled rule in this state that the violation of a statute or ordinance constitutes negligence *per se* (19 Cal. Jur. 632, and cases there cited), and that it constitutes contributory negligence if the failure to comply with the ordinance contributes directly to the injury. The instructions upon the subject of contributory negligence in the instant case included the element that the negligence of the plaintiff must have contributed to the injury. ■ Appellants also complain because the instructions with respect to the contributory negligence of Mrs. Hurtel omitted the doctrine of the last clear chance. However, in at least two of the instructions given at the request of the plaintiffs, the jury was fully and properly instructed on the doctrine of the last clear chance and told that, regardless of the negligence of the plaintiff, if the defendant driver had the last clear chance to avoid injuring her by the use of ordinary care then she was entitled to recover. It appears, therefore, that a fair reading of the instructions discloses that the jury was properly advised of the law with respect to this doctrine. And, in this connection, we may dispose of the contention of appellants that defendants' instructions did not include a reference to the last clear chance doctrine. The jury having been prop-

erly instructed upon the subject, it can make no difference at whose request or suggestion the instructions were given.

◼ Appellants also complain with respect to this first contention that the plaintiff was permitted to start with the ringing of the first bell. A reading of the ordinance, however, disposes of this argument. Sections 4 and 12 of the ordinance read as follows:

Sec. 4. "It shall be unlawful for any person to disobey the instructions of any mechanical traffic signal, lettered traffic sign, or paint marks placed upon the surface of the roadway in accordance with provisions of this ordinance, or any barrier or sign erected by any of the public departments or public utilities of the City of Los Angeles, provided the form of such barrier has been approved by the Board of Police Commissioners.

"The ringing of a bell in connection with any mechanical traffic signal shall indicate preparation for a change in the direction of traffic movement. When such bell. is sounded no traffic shall enter an intersection until a green or 'Go' signal is shown."

Sec. 12. "At intersections where traffic is directed by a police officer, or by a traffic signal, it shall be unlawful for any pedestrian to cross the roadway other than with released traffic."

It is plain from a reading of these sections that the interval between the first and second bell is a preparation period and that neither vehicles nor pedestrians are permitted to cross the intersection until the second bell rings.

◼ With respect to the first contention appellants also assert that the court repeated instructions with respect to contributory negligence so as to emphasize the fact of contributory negligence. We think this is an unfounded criticism of the instructions given. They dealt with various elements and we think only reasonably presented the situation to the jury.

◼ The next reason assigned by appellants for reversing the judgment is that they were precluded from introducing evidence of a custom in Los Angeles of starting after the first bell and before the ringing of the second. This evidence was properly excluded. The rule is well stated in *Stultz* v. *Thomas*, 182 N. C. 470 [109 S. E. 361, 362], as follows: "We do not think that an established use or custom among men

engaged in the same line of work can avail as against the positive requirements of the ordinance, or statute. In fact, a breach of a legal duty, or a duty imposed by law, comes within the very definition of negligence; and, if such be the proximate cause of an injury, it constitutes actionable negligence." To the same effect are *Reinders* v. *Olsen*, 60 Cal. App. 764, 771 [214 Pac. 268], and *Fresno T. Co.* v. *Atchison etc. Ry. Co.*, 175 Cal. 358 [165 Pac. 1013].

▓ To support their claim of error in the instructions relative to the reciprocal duties of pedestrians and drivers, appellants rely upon *Cleveland* v. *Petrusich*, 117 Cal. App. 71 [3 Pac. (2d) 384], holding that, while both are charged with the same degree of care, the amount of care exacted of the driver is far greater than that required of the pedestrian. The instructions criticized do not conflict with this statement of the rule, since no reference is made to the amount of care required of either, but the rule is correctly stated that their duties are reciprocal, the exercise of due care being required equally of each. The instructions as given are supported by *Maggart* v. *Bell*, 116 Cal. App. 306 [2 Pac. (2d) 516].

▓ With respect to the last contention, that the defendants were permitted to make improper use of the plaintiff's deposition, the situation is as follows: the plaintiff, Mrs. Hurtel, was present in court but was not called to the stand nor was an opportunity to cross-examine her given to the defendants. The defendants offered the deposition previously taken, claiming the right to use her testimony under section 2055 of the Code of Civil Procedure. Plaintiffs objected to the deposition on the ground that she was present. The court overruled the objection and permitted the defendants to read the deposition. Where the deposition is taken under subdivision (1) of section 2021 of the Code of Civil Procedure it may be used without showing the absence of the deponent. (*Newell* v. *Desmond*, 74 Cal. 46 [15 Pac. 369]; *Johnston* v. *McDuffee*, 83 Cal. 30 [23 Pac. 214]; *Adams* v. *Weaver*, 117 Cal. 42, 49 [48 Pac. 972].)

There are no other points which require discussion. The judgment is affirmed.

Seawell, J., Shenk, J., Langdon, J., Waste, C. J., and Curtis, J., concurred.