[Civ. No. 12473. First Dist., Div. One. Jan. 4, 1944.]

R. H. GEOFFROY & COMPANY, Respondent, v. FRANK FARIA et al., Appellants.

Theodore Hale and Carroll B. Crawford for Appellants.

A. Brooks Berlin, Louis A. Musmaker and A. Dal Thomson for Respondent.

WARD, J.—This is an appeal by defendants from a judgment awarding plaintiff compensation for damage to hauling equipment and its load as the result of a mishap on the highway. The case was tried without a jury.

At the time of the accident plaintiff's employee Louis Vacarella, driving in an easterly direction a semi-tractor, to which was attached a trailer, was transporting bottled beer, weighing approximately sixteen tons, from San Jose to Modesto. The highway along which he was proceeding has two lanes and is sixteen feet wide, with a two foot shoulder and a ditch on each side. Just ahead of plaintiff and moving in the same direction was an empty flat-bed truck with separate trailer attached. This equipment belonged to defendants Faria and was operated by one of their employees, W. K. Moore, who was accompanied by a helper. Moore had been having trouble with the engine of his truck and there is testimony that at the time of the accident its motor was dead and he was attempting to roll it on a slight down grade to a garage just ahead and on the left side of the road. There is varying testimony that his speed at the time was from five to twenty miles an hour. As Vacarella approached defendants' equipment he put on his brakes and reduced his speed from forty miles an hour, at which he had been driving, to thirty or thirty-five miles, and testified that when he was fifty or seventy-five feet behind defendant he blew his horn and attempted to pass defendants' truck on the left. When the front of his truck, then on the northerly side of the highway, was twenty or thirty feet to the rear of the equipment preceding him he saw its driver signal for a left hand turn, and immediately execute such maneuver, thus bringing his vehicles directly in the path of the on-coming truck; that the vehicles of defendants were actually about a foot over the white line when the signal was given. Vacarella applied his brakes and turned to the right in an effort to pass on that side, but he found that part of the "large equipment"

ahead of him was still across the highway sufficiently to prevent his passing. In order to avoid the ditch at his right, he attempted to get back to the center of the highway, but the swaying trailer overturned and its weight pulled the truck with it. Moore, apparently unaware of the accident, according to plaintiff continued to move along the left side of the road for some little distance before turning into the garage above mentioned. There is conflicting testimony as to the point at which Moore turned into the left side of the highway, and also as to the place where a signal indicating his intention to do so was given.

Appellants contend that the trial court committed prejudicial error in three particulars, namely (1) in finding that the overturning of plaintiff's vehicles was the result of carelessness and negligence on the part of defendants; (2) in fixing plaintiff's damages in the sum of $2,681 or in any greater sum than $350—assuming without conceding that defendants were guilty of negligence and the plaintiff free from contributory negligence; (3) in failing to make any finding whatever on the allegations of defendants' answer and defense that the damage to plaintiff's property was caused solely and proximately by plaintiff's own negligence.

There is also a motion by plaintiff, heard prior to the argument on the merits of the case to produce additional evidence on the question of damages. This motion is due to a dispute relative to certain stipulations made during the trial.

In view of the conflicting evidence this court is unable to say that defendants were free from negligence, or that Vacarella was guilty of negligence which was either the sole or a contributory cause of the accident. The determination of proximate cause where the evidence is conflicting is a question to be determined by the trier of the facts.

The allegations of the answer sufficiently raised the defense of contributory negligence. (*Friddle* v. *Southern Pac. Co.*, 126 Cal.App. 388 [14 P.2d 568]; *Mardesich* v. *C. J. Hendry Co.*, 51 Cal.App.2d 567 [125 P.2d 595].) It is the rule that findings thereon, if reasonable, should be construed to support the judgment. (*E. W. McLellan Co.* v. *East San Mateo L. Co.*, 166 Cal. 736 [137 P. 1145]; *Gin S. Chow* v. *City of Santa Barbara*, 217 Cal. 673 [22 P.2d 5].) In the present case the judgment was for plaintiff. The court found "that as a result of said carelessness and negligence of the

defendants, as aforesaid, the plaintiff's semi-tractor and trailer in attempting to avoid a collision with said truck and trailer of defendants was caused to and did overturn.'' ■ The finding that the negligence of the defendant agent was the proximate cause of the accident, in the absence of any further finding negatives any negligence of the plaintiff as a contributing proximate cause. A finding on this issue therefore must have been in favor of plaintiff and adverse to defendants and hence the failure to make such finding is not ground for reversal. (*Arrelano* v. *Jorgensen,* 52 Cal.App. 622 [199 P. 855]; *Reiniger* v. *Hassell,* 216 Cal. 209 [13 P.2d 737].) In *Pacific States S. & L. Co.* v. *Perez,* 51 Cal.App.2d 84, 94 [124 P.2d 184], the court said: ''Where an omitted finding must be inferred from a consideration of the findings actually made, an appellate court will recognize the necessary inference and consider the finding in question as having in effect been made.''

On the subject of damages, there is a written stipulation in the record that ''in the event of judgment against the defendant loss of use may be reckoned at not to exceed the sum of $350.00.'' This leaves for consideration the question of support for other findings of damages.

■ This last question involves the stipulation, the result of certain discussions during the trial, relative to the testimony of a witness if called. It is true that vouchers for the cost of repairs were not introduced as exhibits, and for that reason the form of proof cannot meet with judicial approval; but certain sums were specifically mentioned in an attempt to reach a stipulation, without contradiction as to their correctness. It is not necessary to quote the numerous statements of respective counsel, or the fact that some misunderstanding arose relative to a further hearing, in view of the fact that the record, reasonably construed, shows that the parties stipulated that the disputed amounts were reasonable and necessary. During the discussions involving various items, the court addressing counsel for defendants said: ''As I understand counsel he is willing to stipulate that if the mechanic was called he would testify that these repairs were necessary and reasonable. Is that right? Mr. Hale: Yes. He wouldn't testify that he had overcharged him. The Court: I understand it. Let's go ahead. Mr. Berlin: And the sum of $345.89 was the sum stipulated on as the damage done to the Dodge semi-tractor. Mr. Hale: One minute. Same stipulation covers

the whole thing, and all in the same way. The Court: All right.'' The effect of the stipulation as to the amount of damages was that the specified sums would be stated by the witness to be necessary and reasonable. In the absence of any evidence to the contrary the court had a right to adopt the figures designated as the amount of damages on each item, and a reviewing court under the circumstances need not resort to the provisions of Code of Civil Procedure, section 956a.

The motion for an order to take testimony is denied. The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.