[Civ. No. 3325. Fourth Dist. Mar. 29, 1944.]

JOSEPH BANDUCCI et al., Appellants, v. LOUIS J. BANDUCCI, as Administrator, etc., et al., Defendants and Respondents; ANGELINA ROSSI et al., Interveners and Respondents.

Harvey, Johnston & Baker for Appellants.

Kendall & Howell for Defendants and Respondents.

Borton, Petrini, Conron & Borton for Interveners and Respondents.

GRIFFIN, J.—Plaintiffs and appellants Joseph Banducci and Antonio Banducci, brothers, brought this action against another brother, Louis J. Banducci, as administrator of the estate of their mother, Carolina Banducci, deceased, to establish a trust to the extent of an undivided 2/8 interest in certain real property in Bakersfield. The three sisters, who were also heirs of the estate, were not made parties to the proceeding. After application therefor, leave of court was granted to Angelina Rossi and Mary Pierucci, sisters of plaintiffs, to intervene in the case. Their complaint sought to quiet title to the property against the claims of the plaintiffs.

The case was tried on the issues raised by the original complaint, the answer thereto filed by the administrator, the complaint in intervention, and the answer of the plaintiffs and the administrator thereto.

The complaint alleged that on April 19, 1939, plaintiffs and others executed and delivered to their mother a deed [absolute on its face], covering the property in question, which deed was recorded on November 29, 1940, thirteen days after the mother died; that at the time of the execution of the deed plaintiffs were each the owner of an undivided 1/8 interest in the property; that one of the named grantors, to wit, Angelina Rossi, did not sign the deed; that it was executed without any consideration and solely for the purpose of simplifying and executing an action proposed to be instituted by all parties to the deed to quiet title to the real property as against the heirs and devisees of one Pieri; that the deed was executed by plaintiffs with the understanding and agreement with the mother that she would hold plaintiffs' title in the realty in trust for them and that when a decree had been entered in the Pieri action she would reconvey an undivided 1/8 interest to each of plaintiffs; that it was further understood that the deed would not be recorded unless all grantors named in the deed would join in the execution of it and that if any grantor failed or refused to join in the execution of the deed that it would be returned to plaintiffs; that Angelina Rossi refused to execute the deed, but that nevertheless, without any authority from plaintiffs, some other person recorded it after the mother's death and that the mother did not in her lifetime commence the proposed action against the heirs and devisees of Pieri and that the

administrator filed an inventory including the respective undivided ⅛ interests of plaintiffs as an asset of the estate. The complaint then alleged that the administrator refused to recognize that the deed was executed for the purposes above mentioned or that the mother received from plaintiffs the conveyance of their respective undivided ⅛ interests in the property in trust for the purposes stated in the complaint and that the administrator intended to petition the court to distribute each plaintiff's ⅛ interest to the heirs of Carolina Banducci. The complaint prayed for a decree that the administrator had no interest in each plaintiff's ⅛ interest and that it be determined that the estate received said interest in trust for plaintiffs and that he be directed to reconvey that interest to them. The answer of the administrator, in effect, denied the agreement between plaintiffs and decedent.

The complaint in intervention alleged that Carolina Banducci died November 16, 1940, and left an estate consisting of an undivided 22/24 interest in the realty here involved; alleged that plaintiffs in intervention and the other children of the deceased were entitled to their proportionate share in her estate and prayed that it be decreed that decedent was at the time of her death the owner of the undivided 22/24 of the realty and that plaintiffs in intervention owned the remainder.

Plaintiffs answered the complaint in intervention and in substance denied the allegations. Findings of fact were made by the court. Judgment was entered in favor of the respondents herein upon the complaint in intervention, quieting title to the real property involved. The decree determined that the title was vested in the heirs of the mother to the extent of an undivided 23/24 interest and in one of the plaintiffs in intervention, Angelina Rossi, respondent herein, as to an undivided 1/24 interest.

Appellants' points on appeal, if we construe them properly, are (1) that the findings are contrary to the evidence; (2) that the evidence is insufficient to support the findings; and (3) that the trial court failed to find on certain material issues.

Plaintiffs offered in evidence a letter from Louis J. Banducci, dated July 10, 1938, directed to Joseph Banducci, in which Louis informed him that he had a title search made of the property here involved and found that Pieri heirs

claimed some interest therein and that it would be necessary to file a suit to quiet their title and that according to his attorney's advice the simplest way was to have all of the brothers and sisters, and also the mother, deed the property to him and have only one plaintiff. A form of deed was enclosed. He recited in the letter that he would deed it back to the respective parties when title had been quieted. Joseph Banducci testified that trouble was encountered in having the necessary parties sign the property over to Louis, as suggested in the letter; that a conversation later ensued among the brothers and sisters, and as a result thereof all agreed to deed the property to their mother for the purpose suggested. There was then received in evidence an ordinary quitclaim deed from plaintiffs to Angelina Banducci, dated April 19, 1939, reciting a consideration of $1.00. This deed was found among the mother's effects and later was recorded by the administrator of her estate. Louis Banducci testified that no consideration was paid for the deed; that it was not to be recorded unless all signed it. He then testified that he took care of his mother's business affairs during the last two years of her life; that he discussed with her the cloud on the title to the property; that in connection therewith he then wrote the above-mentioned letter to his brother Joseph; that the mother authorized him to "go ahead" and clear the title. This testimony received corroboration by other witnesses.

Angelina Rossi testified that in 1939, she had a conversation with her mother and her brother Joseph, in which conversation the mother said "that the quitclaim to her was for the purpose of turning all the property back to her so she could divide it equally between all six of her children; that Joseph said: "What can you do with a woman like that, she has got on her mind to make six equal shares and you can't change it"; that she had a discussion with Antonio in December, 1942; that he said, in regard to the mother holding the property in trust for them, that "they (the brothers) couldn't get her (the mother) to sign any trust deed whatever, because she wanted to make it equal"; that the Pieri matter was not mentioned to her (Mrs. Rossi) at all; that the reason she did not sign the quitclaim deed was because the brother explained to her that the mother wanted all the property conveyed back to her "so she could divide it equally" (this conversation was denied by Joseph Banducci);

that nothing was said about clearing up the title; that they showed her a quitclaim deed but they could not explain it to her satisfactorily and therefore she did not sign it; that she took the deed to her attorney and he could not explain it.

The record discloses that the property here involved was acquired from the estate of Antonio Banducci, deceased, father of plaintiffs and interveners, by a decree setting apart a homestead in the names of the widow and children and for their use. Upon this evidence the court found against plaintiffs and for respondents.

Plaintiffs cite *Bradley Co.* v. *Bradley*, 37 Cal.App. 263 [173 P. 1011], which sets forth the rule that "Under the statute of frauds it is the general rule that parol evidence cannot be received to prove that a deed absolute on its face was given in trust for the benefit of the grantor." And recites the exception to the rule therein set forth that "Where, however, by means of an oral promise made without any intention of performing it, one obtains an absolute deed without giving any consideration therefor, it is a case of actual fraud, and the statute of frauds is not a bar to relief." They cite another exception to the rule stated in *Brison* v. *Brison*, 75 Cal. 525 [17 P. 689, 7 Am.St.Rep. 189], which is to the effect that if a grantee, by means of a parol promise to reconvey, obtains an absolute deed without consideration from one to whom he stands in a confidential relation, the breach of the promise is constructive fraud, although at the time it was made there was no intention not to perform.

The findings of the trial court in the instant case are, in effect, that the conveyance was supported by consideration and effective. Plaintiffs allege in their complaint that on the "19th day of April, 1939" they ". . . *made, executed and delivered to Carolina Banducci* their deed in writing to the" property described. They made the deed a part of their complaint by reference which recited a *"consideration of $1.00, receipt of which is hereby acknowledged."* The answers admitted these allegations.

Under section 1614 of the Civil Code a written instrument is presumptive evidence of a consideration and under section 1615 of the Civil Code the burden of showing a want of consideration sufficient to support an instrument lies on the party seeking to invalidate or void it. (See, also, *Vanasek* v. *Pokorny*, 73 Cal.App. 312, 318 [238 P. 798].)

While the evidence in the instant case might well support a contrary view to that expressed and found by the trial court, this court, on appeal, is guided by well established and time honored rules. Where a judgment is under attack because it is claimed to be unsupported by the evidence, the power of an appellate court begins and ends with a determination as to whether there is any substantial evidence, including presumptions, contradicted or uncontradicted, which will support the conclusion of the trial court, and when two or more inferences can be reasonably deduced from the facts, a reviewing court is without power to substitute its deductions for those of the trial court. Or, if there be any reasonable doubt as to the sufficiency of the evidence to support a judgment, appellate courts should resolve that doubt in favor of the judgment. (*Estate of Bristol,* 23 Cal.2d 221 [143 P.2d 689] ; *Crawford* v. *Southern Pacific Co.,* 3 Cal.2d 427 [45 P.2d 183].) Under such view of the law we cannot hold that the findings of the trial court are unsupported by the evidence. The trial court's findings relating to the effectiveness of the deed and consideration supporting it were supported by the pleadings, the evidence and presumptions prevailing. The most that can be said for appellants' argument is that there was a conflict in the evidence. On an appeal from a judgment all conflicts must be resolved in favor of the prevailing party, and all legitimate and reasonable inferences indulged in to uphold the judgment if possible. (*Crawford* v. *South-ern Pacific Co., supra.*)

The findings relating to specific allegations in certain paragraphs of the complaint dispose of all of the material issues of the case. No further findings were necessary. Where the findings made covered all the material issues, findings upon other issues which thus become immaterial are unnecessary. (*Peoples' Finance & Thrift Co. of Porterville* v. *Van Moon,* 44 Cal.App.2d 223, 225 [112 P.2d 24].)

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing was denied April 18, 1944.