[Civ. No. 17446. Second Dist., Div. Two. May 22, 1950.]

BERNARD REICH et al., Appellants, v. JAMES HARMOUNT LONG, Respondent.

Pacht, Warne, Ross & Bernhard and Samuel I. Barchas for Appellants.

Tripp & Callaway for Respondent.

WILSON, J.—From a judgment in favor of defendant, after trial by a jury in an action for personal injuries, plaintiffs appeal. The appeal is taken upon a settled statement.

The action arose out of a collision between the automobiles of the parties on the highway. From the settled statement it appears that defendant James Long testified that at the time of the collision he was operating his automobile in a northerly direction on Highway 101; shortly before the accident he was proceeding at approximately 30 to 35 miles an hour in the lane next to the center line on the right side of the highway when he slowed down to make a left turn into Hazel Drive; prior to making the turn he made the proper arm signal, stopped his vehicle at the intersection of Hazel Drive and Highway 101, looked to the front and to his left and saw no vehicles or obstacles to the safe completion of his left hand turn; after he had completed his turn, had crossed the white center line and was facing west in the intersection of Hazel Drive and Highway 101, he noticed a vehicle coming up over the crest of a hill approximately 85 yards from the intersection at a speed of about 60 miles an hour; he proceeded across the intersection and when the front end of his vehicle was four or five feet into Hazel Drive his automobile was hit in the middle of the right side, pushed sideways several feet and turned over.

Plaintiff Bernard Reich testified that he was driving south on Route 101; that he was traveling between 40 and 45 miles an hour in the lane nearest the center line when he saw a sedan proceeding towards him in the same lane of traffic at a speed of about 35 miles an hour; that the car approaching proceeded in that way for about 200 feet when the driver made a left turn short, however, of the intersection; that the car never reached the intersection for a proper left turn and immediately after the impact leaned against a lamp post about 10 feet short of the intersection; the collision occurred in a 55-mile zone; he received injuries to his chest and knees but did not consult a doctor. The evidence indicated that heavy skid marks were laid down by the vehicle driven by Reich for approximately 98 feet, the marks swerving to the right at the time his vehicle hit that of defendant Long. An expert on brakes, skid marks and traffic distances testified that the length of the skid marks indicated the driver must have noted the possible danger of collision at least 146 feet from the point of impact.

Plaintiffs contend that two of the instructions given and the court's refusal to give two instructions requested by them constitute reversible error.

The first instruction complained of is that given on unavoidable accident. Plaintiffs concede it is not error to instruct on unavoidable accident where it is not pleaded as an affirmative defense provided such defense is relied on and evidence of unavoidable accident is offered at the trial. They assert, however, that it was error in the instant case since it was not an issue, was not pleaded and no evidence thereof was introduced; that the case was tried upon the theory of each party that the collision was caused by the negligence of the other.

Contrary to plaintiffs' contention, there is evidence from which the jury could have inferred the accident was unavoidable. There is a sharp conflict between the testimony of the two drivers. If the jury believed Long's testimony and determined that he had made a proper left hand turn, they could also infer from Reich's testimony and from the testimony of the expert that Reich was unable to avoid the collision. Indeed, plaintiffs in their brief assert that he was not able to avoid the accident. Defendant by his answer denied he was negligent and alleged plaintiffs were negligent. If the jury found that defendant was not negligent, either the collision was caused by

plaintiff driver's negligence or it was an unavoidable accident. It does not appear, therefore, that plaintiffs were injured by the instruction.

█ Plaintiffs maintain the court erred in giving the following instruction: "It is the duty of the driver of a motor vehicle operating same on a public street to be vigilant at all times keeping a reasonable lookout to possible danger to himself and others and to keep the vehicle under such control that to avoid a collision, he can stop as quickly as might be required of him by eventualities that would be anticipated by an ordinarily prudent person in like position." Plaintiffs argue that by the above instruction the jury was advised that plaintiffs had to anticipate all possible danger, citing *Prato* v. *Snyder,* 12 Cal.App.2d 88 [55 P.2d 255]. In the Prato case there was evidence that the plaintiff was on the wrong side of the road. The jury was instructed that the defendant had no right to assume that the road ahead of him was clear but under all circumstances and at all times was required to exercise reasonable care to anticipate the presence of others. Thus the jury was instructed in that case that the defendant was required under all circumstances and at all times to anticipate the presence of others, even though such others were on the wrong side of the road. In the instant case the jury was instructed that the driver of a vehicle has a duty of being vigilant at all times keeping a *reasonable* lookout to possible danger to himself and others and to keep the vehicle under such control that to avoid a collision he can stop as quickly as might be required of him *by eventualities that would be anticipated by an ordinarily prudent person in like position.* Obviously an ordinarily prudent person would not anticipate the sudden appearance of another vehicle on the wrong side of the road. Indeed the jury was instructed that "a person who himself is exercising ordinary care, has a right to assume that others, too, will perform their duty under the law, and, has a further right to rely and act on that assumption." Upon plaintiffs' request the jury was instructed "One test that is helpful in determining whether or not a person was negligent is to ask and answer whether or not, if a person of ordinary prudence had been in the same situation and possessed of the same knowledge, he would have foreseen or anticipated that someone might have been injured by his action or inaction. If such a result from certain conduct would be foreseeable by a person of ordinary prudence with like knowledge and in like situation, and if

the conduct reasonably could be avoided, then not to avoid it would be negligence.''

Considering, as they must be, the instructions as a whole, they do not appear to be contradictory nor do they erroneously charge plaintiffs with the duty of assuming that the other driver might violate the law. It cannot be said that the jury was so misled as to apply an incorrect rule of law and there is nothing in the giving of the complained of instruction that constitutes prejudicial error.

■ Plaintiffs contend it was error for the court to refuse to instruct the jury that the collision occurred in a 55-mile zone. They argue that plaintiff driver's admission that he was going as much as 45 miles an hour might have seemed to the jury as unreasonably fast unless they were told by the court what the statutory maximum speed was in the area of the collision. They maintain that where the existence or nonexistence of a fact is positive and uncontradicted the jury must be instructed that its existence or nonexistence has been established as a matter of law. Conceding that to be the rule where it is a fact in issue, the speed limit of the zone in which the collision occurred was not in question. The jury had before it plaintiff driver's testimony that it was a 55-mile zone which fact, apparently, was not denied by defendant. Moreover, the court instructed the jury that ''the speed at which a vehicle travels upon a highway, considered as an isolated fact and simply in terms of so many miles an hour, is not proof either of negligence or of the exercise of ordinary care. In view of the foregoing instruction together with the other instructions given on the question of negligence it was not prejudicial error for the court to refuse to give the instruction requested by plaintiffs, especially since it has been repeatedly held that the California Vehicle Act does not fix a maximum speed at which a driver may propel his automobile and escape liability for negligent driving.

■ Finally plaintiffs contend the court erred in refusing to instruct the jury that ''it is not necessary that a party incur medical expenses or receive medical care in order to be compensated for his injuries including pain, suffering and anxiety.'' They concede that ordinarily such an instruction is not necessary but maintain that it was necessary in the instant case because of the instruction which was given on unavoidable accident and the instruction that plaintiff was bound to anticipate defendant's car on the wrong side of the

road. The court instructed the jury that it could award plaintiffs "such sum as will compensate said plaintiff reasonably for any pain, discomfort and anxiety suffered by him and proximately resulting from the injury in question." The foregoing instruction was clearly adequate and it is. not reasonable to assume the jury could have been led to believe plaintiff could not be given damages for pain and suffering unless he proved he incurred medical expenses. Nor it is reasonable to assume that the jury was misled regarding plaintiffs' right to damages by the giving of the two instructions complained of which related to the question of liability and not to that of damages. Since the jury found for defendants it obviously determined that the accident was unavoidable or that plaintiffs were negligent, in neither of which events would they be entitled to damages.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.