[Civ. No. 14425. First Dist., Div. Two. July 13, 1950.]

DELFINA BOBBIO, Appellant, v. STEFANO BERTONE, Respondent.

Frank J. Needles and Edmund J. Holl for Appellant.

Allen Spivock for Respondent.

NOURSE, P. J.—Plaintiff appeals from the judgment for defendant in a personal injury action tried without a jury.

The accident occurred on December 21, 1943, when plaintiff Delfina Bobbio fell down the stairs upon leaving the apartment of a friend whom she had been visiting. The apartment house located at 3030 Larkin Street, San Francisco, was owned by Stefano Bertone, defendant herein.

The complaint alleged defendant negligently and carelessly permitted the carpet put down and maintained by defendant as covering on the stairway to become so worn, defective and out of repair as to become dangerous to the lives of persons traversing the hallways, lobbies and stairway and that plaintiff "was caused to trip upon the defective carpet and was precipitated down the stair case" thereby suffering personal injuries.

The trial court found: "That plaintiff's said injuries were sustained while descending said steps when her foot missed a step as she was not looking forward but towards her left side and talking to said tenant. That plaintiff had been a frequent visitor to said apartment house and was familiar with said steps and was negligent and careless in descending same at the time of her said accident. That there was no defect in the carpet on said steps so as to constitute any negligence on the part of said defendant." In accordance with the findings the trial court gave judgment that Delfina Bobbio take nothing by her complaint therein.

Appellant seeks a reversal of the judgment on the following grounds: (1) That the evidence was insufficient to justify the decision and judgment of the trial court. (2) That the

trial court committed error in law in admitting into evidence other accidents occurring to plaintiff at other times or places than the time and place at issue. (3) That the decision is against law for the failure of the trial court to make findings upon material issues.

(1) The evidence is conflicting as to the condition of the carpet on the stairs, but there was substantial evidence given that the carpet was in good condition, and also that appellant was looking back toward the head of the stairs where her friend was standing when she fell. Where there is substantial evidence to support the findings and judgment of the trial court they cannot be disturbed by a reviewing court upon appeal. *Estate of Bristol,* 23 Cal.2d 221, 223 [143 P.2d 689] ; *Banducci* v. *Banducci,* 63 Cal.App.2d 600, 605 [147 P.2d 73] ; *Keegan* v. *Kaufman Bros.,* 68 Cal.App.2d 197, 201 [156 P.2d 261].

(2) As his second ground for reversal counsel for appellant states that to prove contributory negligence respondent offered testimony, over the objection of appellant, to show Mrs. Bobbio had had previous falls and contends that the question of the conduct of appellant at other times and places was not in issue and should not have been allowed. The line of questioning to which appellant objected attempted to bring out that Mrs. Bobbio, probably due to the type of shoes she was wearing, had a tendency to trip and fall, and sought to elicit testimony regarding a fall she had had while walking on the street a few days prior to the accident, the subject of this action. But before counsel for respondent could complete this line of questioning the trial court interposed the following remark: "I don't think it is very material. Is that all of this witness?" And the subject was dropped. In view of the remark of the trial judge we fail to see where the attempt to introduce such evidence was prejudicial to the cause of appellant or that it had any material bearing on the case and it does not provide sufficient grounds for reversal, since such tendency of plaintiff is not reflected in the judgment.

(3) On the third point raised by appellant—the failure of the trial court to make findings upon material issues— appellant made the following statement: "However, in the findings made by the trial Court, the element of whether or not any carelessness on the part of plaintiff proximately and directly contributed to any injuries sustained by plaintiff is entirely omitted." Appellant is in error. The trial court found: "That plaintiff . . . was familiar with said steps and

was negligent and careless in descending same at the time of her said accident," which finding is sufficient to cover the question of contributory negligence raised by defendant in his answer to the complaint.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.