[Civ. No. 9598. Third Dist. Nov. 6, 1959.]

ROSEMARIE LUTZ et al., Appellants, v. HENRY C. SCHENDEL et al., Respondents.

Leon G .Rubino, Walter Calcagno and Joseph L. Alioto for Appellants.

Honey, Mayall & Hurley for Respondents.

WARNE, J. pro tem.[*]—This is an appeal from a judgment entered upon a jury verdict which found against the appellant Rosemarie Lutz, but which awarded appellant Loretta Lutz $1,000 in a personal injury action.

The action arose out of a collision which occurred on May 19, 1952, when a pickup truck owned by the respondent Henry C. Schendel, and driven by his son, the respondent Richard H. Schendel, collided with an automobile driven by the appellant Rosemarie Lutz who had with her as a passenger her sister, the appellant Loretta Lutz.

The parties to this litigation were the only witnesses who gave any testimony concerning the accident and their evidence is very conflicting. It appears, however, that the accident occurred between 5 and 6 p. m. It was daylight at the time and the weather was clear and the highway dry. The accident occurred at a railroad crossing. Appellants testified that as they approached the crossing, they observed a train flashing signal in operation; that there were no cars between them and the railroad crossing; that upon reaching the intersection, Rosemarie stopped her car, put on the brakes and turned off the ignition, that the train at that time had not come into view,

---

[*]Assigned by Chairman of Judicial Council.

but as it passed the intersection, their car was struck in the rear. Appellants got out of the car after the impact and spoke to the driver of the pickup truck which had collided with their car. Appellants testified that respondent Richard H. Schendel told them, "I couldn't stop, I couldn't stop." This was not denied by said respondent. After the collision appellants observed that approximately eight feet separated appellants' car from respondents' truck.

The respondent Richard H. Schendel, however, testified that he pulled up five or six feet behind the Lutz car and stopped, at which time there was a line of from six to eight cars waiting for the train to pass, and that the train was completely blocking the tracks at the time and moving to the west. He further testified that when the train cleared, the whole line of traffic started out, including the Lutz car. He likewise commenced to move forward with this line of traffic, and all of the cars in front went on across the tracks; but the Lutz car, after traveling within 10 feet of the nearest track, came to a sudden stop without a hand signal and he was unable to stop in time.

 Appellant Rosemarie's sole contention is that the issue of contributory negligence was erroneously submitted to the jury. In support of this contention she argues that as a matter of law respondent's negligence was the sole proximate cause of the accident. We do not feel that her position in this respect is sound. It is a question of fact whether or not an operator of an automobile is negligent in colliding with a car in front depending on all the circumstances pertaining to the accident. (*Wohlenburg* v. *Malcewicz*, 56 Cal. App.2d 508 [133 P.2d 12].) Upon the evidence produced in this case the jury could have found that the accident was proximately caused by the negligence of either Richard Schendel or Rosemarie Lutz, or by the negligence of both. The conclusion to be drawn from the verdict is that the jury found that both Rosemarie and Richard were negligent, and that their combined negligence was the proximate cause of the accident and the resulting damage and injuries sustained by appellants. In that event neither Rosemarie nor Richard would be liable to the other. In this case the question of causation was one of fact and not of law. It is only in rare cases that an appellate court can say, as a matter of law, that a party was guilty of negligence proximately causing the accident. Here we have the testimony of the appellants that there were no other cars ahead of them as they came to the tracks and that they were the first car in line; that the automobile

was put in neutral, the ignition turned off and the hand brake set; that they were in this position when struck and did not move before the impact. Opposed to their testimony the respondent, however, testified that he pulled up five or six feet behind the Lutz car and stopped, at which time there was a line of cars waiting for the train to pass consisting of six to eight cars, and that the train was completely blocking the tracks at that time and moving to the west. He further stated that when the train cleared, the whole line of traffic started out, including the Lutz car; that he likewise commenced to move forward with the line of traffic; that all the other cars in front went on across the tracks, but the Lutz car, after traveling to within 10 feet of the nearest track, came to a sudden stop without a hand signal; that at that time he was "probably half a car length" from the Lutz car, and he didn't have time to stop. From this testimony the jury could reasonably find that both drivers were negligent, Rosemarie by suddenly stopping without first giving an appropriate signal to the driver of the Schendel truck, which was immediately to the rear, since the slow rate of speed at which she was traveling provided her an opportunity to give such a signal.

Section 544, subdivision (c), of the Vehicle Code, provides: "No person shall stop or suddenly decrease the speed of a vehicle on a highway without first giving an appropriate signal in the manner provided in this chapter to the driver of any vehicle immediately to the rear when there is opportunity to give such signal."

Section 545 of the Vehicle Code provides in part: "The signals herein required shall be given either by means of the hand and arm or by signal lamp or mechanical device of a type approved by the department, . . ." Assuming that the accident occurred as related by the respondent Richard H. Schendel, there is no showing that Rosemarie did not have a reasonable opportunity to give the required signal before stopping. Under the circumstances failure to give a signal of her intention to stop constituted negligence *per se*. ▮ As stated in *Hurtel* v. *Albert Cohn, Inc.*, 5 Cal.2d 145, 147 [52 P.2d 922] : ". . . it is a well-settled rule in this state that the violation of a statute or ordinance constitutes negligence *per se* [citation], and that it constitutes contributory negligence if the failure to comply with the ordinance [statute] contributes directly to the injury."

▮ And as to respondent Richard H. Schendel, the jury could reasonably have found that he did not exercise that

degree of vigilance required of him in keeping his truck under such control as to be able to stop as quickly as might reasonably be required.

It is the duty of a driver of a motor vehicle using the public highway to be vigilant at all times and to keep the vehicle under such control that to avoid a collision he can stop as quickly as might be required of him by eventualities that would be anticipated by an ordinarily prudent driver in like position. (*Reich* v. *Long*, 97 Cal.App.2d 657 [218 P.2d 589].) If he fails to do so and such conduct constitutes negligence, he would be liable for damages suffered if such negligence was a proximate contributing cause of the accident and resulting injury.

Appellant Loretta Lutz apparently bases her appeal on the contention that the verdict of the jury did not award her adequate damages. In considering this question we must ". . . bear in mind the firmly established rules that the jury is the judge of the weight and sufficiency of the evidence and the credibility of the witnesses; that the question of the award of damages and their amount is primarily one for the jury; that on a motion for new trial the trial judge sits as a thirteenth juror; that it becomes his duty to again weigh the evidence and its sufficiency and measure the credibility of the witnesses; that in so doing it is also his duty to consider the adequacy or inadequacy of the amount of damages awarded; that if he finds the damages either excessive or inadequate it is his duty to grant a new trial either generally or upon the special issue of the amount of damages or himself reduce excessive damages.'' (*Sassano* v. *Roullard*, 27 Cal.App.2d 372, 373-374 [81 P.2d 213].)

The record reveals that Loretta made a motion for a new trial which was denied. One of the grounds urged was inadequate damages. She testified that she suffered from shock, nervousness, pain in her neck and left arm, and severe headaches, and during the trial her neck still bothered her; that she had been taking medication since the accident. It appears that immediately after the accident she was not incapacitated nor was she hospitalized. She introduced no medical testimony to support her claimed injuries, although she named several physicians from whom she said she had received medical treatment. It also appears that prior to the accident she had suffered a nervous breakdown in 1951 and was coming to the west coast on a convalescence trip when she became involved in the accident in question. Shortly prior to the trial she

was examined by a physician and surgeon specializing in orthopedics, and X-rays of her neck and back were taken. While the doctor testified that although he could not say with any degree of medical certainty that Loretta did not receive an injury as a result of the accident, and that an injury to her neck could have occurred at that time which would be associated with some degree of shock, it was, nevertheless, his opinion that she was suffering from a psychoneurotic condition and not from injuries sustained in the accident. He could find no limitation in the motion of her neck nor any muscle spasms. In the light of this testimony we cannot say that the amount awarded Loretta, standing alone, indicates any passion or prejudice or failure on the part of the jury to make an adequate award. This is especially so in view of the fact that the trial judge denied appellants' motion for a new trial. He approved the verdict and its amount by denying the motion.

The judgment as to each appellant is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.