[Civ. No. 24803. Second Dist., Div. One. Dec. 15, 1960.]

JUDITH MAXINE ELLIOT, a Minor, etc., Appellant, v. LEELAH JENSEN et al., Respondents.

Cowan & Peterson and Clifford J. Peterson for Appellant.

Ives, Kirwan & Dibble and Darwin L. Dibble for Respondents.

LILLIE, J.—This is an action for personal injuries and property damage sustained by plaintiff when the rear-end of her automobile was struck by a car driven by defendant

Leelah Jensen traveling in the same direction. Judgment was entered for the defendants following a nonjury trial. Plaintiff appeals therefrom; she has also attempted to appeal from "the findings of contributory negligence of plaintiff" and from the order denying a new trial.

The accident occurred on September 25, 1957, about 10 a.m. at a railroad crossing on Pacific Coast Highway in the Wilmington district. Both vehicles were in the center eastbound lane of the thoroughfare and had previously been brought to a stop in obedience to a wigwag signal; there were no other cars in the same lane between them and the crossing. The weather was clear and dry. The only eyewitnesses called were the two drivers. Plaintiff testified that she noticed the defendant driver was stopped immediately behind her, this distance being subsequently fixed by the latter at one car length. Both vehicles remained in their respective positions until the train had passed. When the wigwag stopped, according to plaintiff, she proceeded forward about one car length, shifting into second gear at the same time; as she reached second gear, she "pulled up" upon seeing what looked to her "like a train light" down the right side of the tracks (plaintiff never determined the nature of the "shiny object" which she might have seen); she "signalled and stopped and at that time [defendant driver] hit me." In response to a question by the court, plaintiff agreed that she did not have time to check the position or movement of the following car before she applied her brakes.

The defendant driver stated that she had halted her car for the wigwag signal; that the cars on each side of her moved ahead across the tracks when the wigwag stopped; that plaintiff likewise started forward but not quite as quickly; and that plaintiff then made a sudden stop without giving any signal. She further testified, "[T]he wigwag had stopped but because she had taken so long in getting started, I glanced to see if the train was backing up, as it sometimes does. I just glanced my eyes and I hit her."

A police officer read into the record the following statement given by plaintiff shortly after the accident: "I was driving eastbound in the second lane on Pacific Coast Highway and I stopped just prior to crossing the railroad crossing . . . The wigwag was operating. When the wigwag stopped, I started up. I wasn't sure that there were any trains coming down the track, so I stopped my car to take a second look when I was nearer the track. I had just stopped my car when the car behind me struck me. I did not see the car before it struck

me . . . The wigwag signal was not operating at the time I started up and stopped. I stopped because I wanted to check and see if there were any other trains coming down the track.'' The officer also took a statement at the same time from the defendant driver, reading in pertinent part as follows: ''The wigwag signal was operating. When the wigwag signal stopped operating, the car ahead of me started up to cross the tracks. I started up a few feet behind it also. I was going four, five or six miles an hour when the car in front of me stopped suddenly. I did not see her stop as I was looking both ways down the railroad track for any oncoming trains. When I turned around to look at the car in front of me, it had already stopped. I struck the rear of the car . . .''

The trial court found that the defendant driver ''negligently drove and operated her vehicle . . . so as to cause the motor vehicle to collide with plaintiff's automobile''; it further found that defendants had established their separate defense of contributory negligence ''in that immediately prior to and at the time of the occurrence of the accident . . . plaintiff herself was negligent in the operation of her automobile in that she failed to use and exercise for her own safety the caution and degree of care than [sic] an ordinarily prudent person would have used under the same or similar circumstances''; there was a failure to expressly find on the issue of proximate causation.

Appellant contends that there is no substantial evidence to support the finding that she was contributorily negligent and the implied conclusion therefrom that her negligence contributed proximately to the collision.

Cases involving rear-end collisions are legion; hence, it is now settled that when one motor vehicle runs into the rear of another, negligence is a question of fact and not of law (*Lowenthal* v. *Mortimer,* 125 Cal.App.2d 636, 638 [270 P.2d 942]); more particularly, factual questions are presented as to whether plaintiff gave a signal to stop, whether the stop was sudden, whether the defendant was driving too closely behind plaintiff's vehicle and whether the defendant was inattentive. (*Lowenthal* v. *Mortimer, supra,* p. 639. See generally *Turkovich* v. *Rowland,* 106 Cal.App.2d 445, 447 [235 P.2d 123]; *Wohlenberg* v. *Malcewicz,* 56 Cal.App.2d 508, 512-513 [133 P.2d 12]; *Donahue* v. *Mazzoli,* 27 Cal.App.2d 102, 105-106 [80 P.2d 743].)

It may not be validly suggested, as appellant has sought to do, that she was free from negligence as a matter

of law; true, section 22109 of the Vehicle Code (§ 544, subd. (c)) requires the giving of an appropriate signal (for a stop or sudden decrease in speed) "when there is opportunity to give the signal," but the trial court impliedly found against her claim that such "opportunity" was not afforded her. By appellant's own testimony she knew that the respondent's car was immediately back of her and that the wigwag had stopped operating; there was evidence that cars in each of the east-bound lanes had started forward and were crossing the tracks on either side of her; as the trial court observed, appellant under these circumstances "should have known that when she started up the defendant would likewise have started up . . . to stop again suddenly without any apparent reason, she must give some notice." Contrary to appellant's claims in her briefs, vigorously reasserted at oral argument, the trial court simply rejected her testimony that the signal required by statute was ever given; the credibility of witnesses is exclusively a matter for the trial judge sitting without a jury (*Shearer* v. *Cooper*, 21 Cal.2d 695, 703 [134 P.2d 764]), and we are bound by his determination in this regard.

Appellant's next contention is to the effect that her contributory negligence, if any, was not a proximate cause of the collision. She points to certain inconsistencies in the respondent driver's version of the accident; the latter testified that she "glanced" to see if another train was coming, but her statement to the police officer read that she "was looking both ways down the track" and did not see the appellant stop; emphasizing such statement, appellant argues that the respondent driver would not have seen the signal even if it had been given. The determination of these inconsistencies was for the trial court (*Dillard* v. *McKnight*, 34 Cal.2d 209, 223 [209 P.2d 387, 11 A.L.R.2d 835]) which found that respondent driver was negligent. True, no finding was made as to proximate causation, but implicit in the finding of contributory negligence are any subsidiary ones which may be necessary to support all the findings upon which judgment was thereafter rendered. (*New* v. *New*, 148 Cal.App.2d 372, 388 [306 P.2d 987]; *Bobbio* v. *Bertone*, 98 Cal.App.2d 434, 436-437 [220 P.2d 578]; *R. H. Geoffroy & Co.* v. *Faria*, 62 Cal.App.2d 165, 168 [144 P.2d 402]; Witkin, California Procedure, § 118, p. 1850.) Thus, the only conclusion to be drawn from the judgment here is that the trial judge found that both drivers were negligent, and that their combined negligence was the proximate cause of the accident, in which event neither would

be liable to the other. (*Lutz* v. *Schendel,* 175 Cal.App.2d 140, 142 [345 P.2d 488].) Interestingly enough, the case just cited is strikingly similar on its facts, the accident involving two cars stopped at a railroad crossing where a train flashing signal was in operation. To bar a plaintiff's recovery, contributory negligence need not be "the" sole cause of the injury sustained; it is sufficient if it is "a" proximate cause concurring or cooperating with the negligent act of the defendant. (*Cervantes* v. *Maco Gas Co.,* 177 Cal.App.2d 246, 250 [2 Cal.Rptr. 75].) The evidence in the instant case sufficiently supports the determination below that there was "such an act or omission on the part of the plaintiff amounting to a want of ordinary care as *concurring or cooperating* with the negligent act of [the] defendant" (*Dicken* v. *Souther,* 59 Cal.App.2d 203, 208 [138 P.2d 408]) so as to prevent her from prevailing.

 The only other point, somewhat novel in nature, is that the trial court failed to consider the great disparity in the ages of the two drivers—at the time of the accident appellant was 18 and respondent driver was 55. The cases cited by appellant (*Brandenburg* v. *Pacific Gas & Electric Co.,* 28 Cal. 2d 282 [169 P.2d 909]; *Ellis* v. *D'Angelo,* 116 Cal.App.2d 310 [253 P.2d 675] and *Merrill* v. *Los Angeles Gas & Electric Co.,* 158 Cal. 499 [111 P. 534, 139 Am.St.Rep. 134, 31 L.R.A. N.S. 559]) do not support any such rule of law. The same duty is imposed by law on all licensed drivers and there is no distinction made as to ages.

The judgment is affirmed; the attempted appeals from "the findings of contributory negligence of plaintiff" and the order denying a new trial are dismissed.

Wood, P. J., and Fourt, J., concurred.