[Civ. No. 7567. First Appellate District, Division One.—October 26, 1931.]

E. C. CLENDENIN et al., Respondents, v. ROBERT F. BENSON et al., Defendants and Respondents; BLASE BROTHERS & COMPANY (a Corporation), Appellant.

Carlton D. Dethlefsen, Ray Wilkins and A. Dal Thomson for Appellant.

Louis Oneal and C. E. Luckhardt for Plaintiffs and Respondents.

John H. Machado for Defendants and Respondents.

THE COURT.—This action was brought to recover damages alleged to have been suffered by plaintiff Clendenin by reason of injuries to his automobile, it being alleged that the damage was caused by the negligence of defendants Blase Brothers & Co., a corporation; Robert F. Benson and Chester N. Weaver, individually and as copartners, and Noble Wheeler.

Plaintiff Hartford Fire Insurance Company alleged a cause of action under the theory of subrogation, claiming to have been the insurance carrier of plaintiff Clendenin, and to have paid him the sum of $1625 under the terms of his policy.

A jury having been waived the action was tried before the court, and upon its findings judgment was entered in favor of the. insurance company and against Blase Brothers & Co., for $1125, which amount the court found was the extent of the damage; further, that neither plaintiff take anything against defendants Benson, Weaver or Wheeler.

Defendant Blase Brothers & Co. filed a notice of appeal from the whole judgment, and alleged that the .finding that the damage was caused by its negligence is unsupported and that the court erred in admitting certain evidence over objection.

Plaintiff Clendenin, the owner of the automobile, placed it in the possession of defendants Benson and Weaver at San Jose for repairs. After certain work had been done defendant Wheeler, who was in the employ of the defendants last named, in order to test the work drove the car north along the public highway to a point near Alviso. Two trucks belonging to appellant were upon the same highway in that vicinity, one proceeding south and the other north, the latter preceding Clendenin's automobile, which collided with the rear end of the north-bound truck. The trucks had passed each other shortly before the collision, and it was testified that as they passed the driver of the south-bound truck signaled the driver of the other truck, and that the latter suddenly stopped, whereupon the accident happened.

Defendant Wheeler testified that he was driving about 35 miles an hour, the distance between the automobile and

the truck when the latter was in motion being between 200 and 300 feet. He further testified that the truck driver gave no warning signal, and that when he realized that the truck had stopped he applied his brakes, turned the automobile to the left, and that the two vehicles were about 60 feet apart when the truck came to a standstill; further that he was unable to turn the automobile sufficiently to avoid the collision, and consequently the right rear door of the automobile came into contact with the left rear corner of the truck, causing damage to the automobile. The latter vehicle overturned and came to rest at a point between 35 and 50 feet from the place of the collision. The untraveled portion of the highway was 16 feet in width. Photographs taken after the accident show that the truck when stopped occupied at least a third of the main traveled portion, and that there was ample space on both sides of this portion of the highway for the parking of vehicles.

The evidence was conflicting as to the speed of the automobile and the distance testified to by Wheeler; but, contrary to appellant's claim, there is nothing in the evidence of the physical conditions at the scene of the accident or otherwise which conclusively shows that his testimony was untrue. The question of his credibility and that of the other witnesses was for the trial court (Code Civ. Proc., sec. 1847), and we cannot say that its conclusions in these respects were unsupported.

Defendants Benson and Weaver were independent contractors, whose negligence, if any, or that of Wheeler, their employee, could not be imputed to plaintiffs (*Segler* v. *Callister,* 167 Cal. 377 [51 L. R. A. (N. S.) 772, 139 Pac. 819]); nor, where two or more are charged with negligence, can one defendant complain that the negligence of his codefendant contributed to the injury (*Forsyth* v. *Los Angeles Ry. Co.,* 149 Cal. 569 [87. Pac. 24]; *Blackwell* v. *American Film Co.,* 48 Cal. App. 684 [192 Pac. 189]); and the question of negligence was one for the trial court, whose findings, where the evidence is conflicting, cannot be disturbed (*Olsen* v. *Standard Oil Co.,* 188 Cal. 20 [204 Pac. 393]).

It was the duty of the truck driver to signal if about to stop (sec. 130a, California Vehicle Act), and sec-

tion 136 of the same act provided that no vehicle should be parked or left standing, whether attended or unattended, upon any public highway unless a clear and unobstructed width not less than 15 feet upon the main traveled portion of the highway be left for the free passage of other vehicles thereon.  And it is a general rule of the law of negligence that the violation of a statute which is a proximate cause of damage to another constitutes negligence (*Benjamin* v. *Noonan,* 207 Cal. 279 [277 Pac. 1045]).

The evidence was sufficient to support the finding that appellant's employee was negligent, and that his negligence was a proximate cause of the damage complained of.

 The complaint alleged in paragraph VII thereof "that on the 26th day of January, 1927, said plaintiff, Hartford Fire Insurance Company executed and delivered to the said E. C. Clendenin a policy of automobile insurance, No. B7856, said insurance commencing on the 26th day of January, 1927, and terminating on the 26th day of January, 1928, wherein and whereby the said plaintiff Hartford Fire Insurance Company, during the whole of said period insured the said E. C. Clendenin against such damage as might be caused to his automobile by collision for the full amount of said automobile"; and the court found the above allegations to be true. At the trial, evidence of the contents of the policy was introduced over objection that there was no preliminary proof sufficient to authorize the introduction of secondary evidence; and it was contended as one of the grounds for the appeal that there was no competent evidence supporting the above finding. While there was testimony at the trial of some search for the policy the diligence in that respect which the law requires was not shown; and in order to determine the fact of its loss this court, under the authority of section 4¾ of article VI of the Constitution and section 956a of the Code of Civil Procedure, caused additional evidence to be taken before a referee appointed by it. This evidence shows that a diligent and *bona fide* but unsuccessful search for the document was made at the place where it was most likely to be found; further, the contents of the policy were sufficiently shown by the testimony of employees of the insurer and by its records. We therefore find that all the allegations of para-

graph VII of the complaint are true. This and the other findings being fully sustained, the judgment is affirmed.

It is further ordered that appellant Blase Brothers & Co. recover its costs on appeal (Code Civ. Proc., sec. 1027).