[Civ. No. 22606.   Second Dist., Div. Three.   July 3, 1958.]

SARA GUTTMAN, Appellant, v. JACQUES J. CIVET, Respondent.

Paul Hill and Max L. Herzig for Appellant.

Gilbert, Thompson & Kelly for Respondent.

WOOD (Parker), J.—Action for damages for personal injuries allegedly resulting from an automobile collision. Judgment upon a verdict was in favor of defendant. Plaintiff appeals from the judgment.

Appellant asserts that the court erred (1) in rulings as to

the admissibility of evidence; and (2) in making certain remarks in the presence of the jury.

. There was testimony on behalf of plaintiff that on July 21, 1954, defendant drove his automobile against the back of plaintiff's automobile while plaintiff's automobile was stopped at the entrance to an intersection where a red signal light required plaintiff to stop her automobile; and that plaintiff, who was in the driver's seat of her automobile, sustained personal injuries.

Defendant testified that when plaintiff stopped her automobile at the intersection, he stopped his automobile behind plaintiff's automobile; when the signal light changed to green, plaintiff proceeded across the intersection; defendant followed about "half a car length behind" plaintiff's automobile; when plaintiff's automobile had gone about 70 feet beyond the intersection and was at a place near the next intersection, plaintiff stopped her automobile suddenly without giving a signal; then defendant's automobile struck the rear of plaintiff's automobile; the impact moved plaintiff's automobile approximately one foot.

Appellant contends that the court erred "in not permitting a proper showing [by plaintiff] of the psychosomatic injuries of plaintiff below, resulting in her amnesia and consequent inability to recollect clearly the sequence of events and her prior conditions." Appellant does not refer specifically to the questions, objections, and rulings which are involved in this contention, but she cites three pages of the reporter's transcript. In order to more clearly understand this contention, certain testimony of appellant on cross-examination should be referred to. It appears that, as a result of such cross-examination, the matter of appellant's credibility was brought into question. On cross-examination, appellant was asked if she had been in an accident of any kind since the accident involved here. She answered in the negative. Counsel for appellant asked her if it was a fact that she had filed a lawsuit in New York for damages for personal injuries arising out of an accident in April, 1955 (a date after the accident involved here). She answered in the affirmative. She stated further that she had misunderstood him (counsel for defendant) and she thought he was referring to a car accident—that the accident in New York was in a subway. Then counsel for defendant referred to her deposition (in the present action) and asked her if she had testified therein that she had not been in any accident since July 21, 1954 (the date

of the accident involved here). She replied that she had so testified. Then counsel for defendant referred to an affidavit which appellant had made in connection with her claim against the New York Transit Authority, and he asked her if she had stated therein (after the accident involved here) that she had never been involved in any other accident in which she was injured or in which she made a claim against anyone by reason of an injury to herself. She answered that question in the affirmative.

As above stated, appellant does not refer specifically to the questions, objections, or rulings which are involved in the above-mentioned contention to the effect that she was not permitted to make a proper showing as to the cause of her alleged inability to remember the sequence of events. In addition to referring generally to three pages of the reporter's transcript, she states that a reading of the transcript will convince the court that at the time of the trial plaintiff "had not fully regained her memory, due to traumatic amnesia and shock treatments that were administered to her in the Psychiatric Hospital in Philadelpia about one year after she was injured at Los Angeles, consequently she was still confused and frustrated on the witness stand about the various details and incidents that took place or intervened after she was first injured."

The three pages of the transcript, referred to by appellant, show that appellant's counsel asked her questions, on redirect examination, regarding injuries she received in an accident in New York in 1955; and regarding the medical treatment she received for those injuries. In answer to those questions, appellant testified to the effect that she was in an accident in New York in April, 1955; that directly after that accident, as far as she could recall, she was treated "for hysteria, nervous insomnia and shock"; that she was not injured physically in that accident, but was injured emotionally and mentally, and that her arm was hurt "in the manner" in which she was caught in a subway door (her pocketbook was caught in the door, causing her to fall on her knee), and directly after that accident she suffered pains in her arm and the lower part of her back; that she was treated for hysteria and was given shock treatments in a hospital in Philadelphia. There was no objection or ruling with respect to those questions or answers. The above-mentioned transcript references also show that on redirect examination, appellant's counsel asked her as follows: "Now, you at no time intended to hide or conceal any

occurrence in New York to this jury, have you?'' Defendant objected to the question on the ground that it assumed something that was not in evidence and it was contrary to the evidence. The objection was sustained on the ground that it called for a conclusion. Then her counsel asked her: ''When you were under direct examination the only accident I asked you about was the one that took place in Los Angeles on July 21st, 1954 and you restricted your answers to that accident; is that correct?'' Defendant objected to the question on the ground that it was leading. The judge said: ''Sustained. I think the record will show what questions were asked her and the jurors will rely on their own memory in that respect.'' It thus appears that appellant was not precluded from presenting evidence regarding the happening of the New York accident or regarding the medical treatments she received. The two questions, as to which objections were sustained, related to appellant's appraisal of her own testimony. The court did not err in sustaining objections to those questions.

■ Appellant also contends that the judge erred in remarking, as follows: ''Is the plaintiff going to change her testimony?'' Appellant does not state the circumstances under which the remark was made. Immediately preceding the making of the remark, counsel for appellant had asked a physician questions, on redirect examination, which purported to be hypothetical questions regarding personal injuries. One of those questions was in substance, as follows: If plaintiff sustained an injury to the soft tissue of her back on July 21, 1954, ''and later on some other injury took place'' such as falling on a subway platform in New York and there was an added injury to that part of the back, ''would they be related in any way or connected, or would they be aggravated by the second injury?'' Defendant objected to the question on the ground that the hypothesis was incomplete. The objection was sustained. Counsel for appellant asked the judge, as follows: ''Am I to understand . . . that . . . a later injury could not aggravate a pre-existing condition?'' The judge said that there would be no change in the ruling. Counsel for appellant said: ''It has been intimated in this courtroom that an injury took place after this particular accident we have here. We know such an accident took place. Now, I am merely trying for the benefit of clearing up this matter, for the jury to evaluate, which part of this could be separated from the original injury and which could not.'' Then the judge said:

"Is the plaintiff going to change her testimony?" After a further statement was made by counsel for appellant, wherein he referred again to July 21, 1954, the judge said that he (judge) had been under a misapprehension as to the year the New York accident occurred (he thought it was prior to July, 1954). Thereupon the judge permitted counsel for appellant to proceed with the redirect examination in the manner counsel had formerly proceeded. Under such circumstances it does not appear that the remark by the judge, regarding a change of testimony, was prejudicial error. Furthermore, at the trial, appellant did not assign the remark as misconduct.

■ Appellant also contends that the judge erred in remarking, as follows: "You can try again, but the Court would have sustained an objection to the question as you asked it under any circumstances, but you may proceed with your purpose in mind and attempt a new question." Appellant does not state the circumstances under which the remark was made. That remark was made immediately after the colloquy, above referred to, regarding the date of the New York accident. The remark, referred to, was the statement of the judge wherein counsel for appellant was given permission to proceed with the redirect examination. The question referred to in the statement was the hypothetical question that had been asked, as hereinabove shown. The question was objectionable. It did not describe the injuries concerning which an expert opinion was sought. The judge did not err in stating that he would have sustained the objection to that question under any circumstances. It is to be noted that, immediately preceding that statement, the judge said that he was under a misapprehension as to the date of the New York accident. The expression "under any circumstances," as used in the statement, apparently meant that even if the judge had not been under such a misapprehension the objection would have been sustained. Furthermore, at the trial, appellant did not assign the remark as misconduct.

■ Appellant contends further that the judge "erred in throwing the file at plaintiff's counsel in the full view of the jury, being a prejudicial attitude, thus depriving her of a fair trial." Appellant does not state the circumstances upon which she allegedly bases this assertion. Counsel for appellant had asked the defendant if he had passed a certain street (intersection) before the accident. Defendant replied that he did not know where the street was located. Then counsel for appellant asked for the file in the case. The judge said that

he did not see the purpose of the questioning, since no one claimed the accident happened at that street. Counsel for appellant said that it was in the answer, and he wanted to ask defendant if his signature was on the answer. Counsel for defendant said that he would stipulate that it was defendant's signature. Counsel for appellant said that he would rather have the witness answer whether it was his signature. The judge said that undoubtedly it was his signature and it is presumed to be his signature, "So let's get on." Thereupon, as shown by the transcript, the following statements were made: "MR. HILL [counsel for appellant]: I want to know if it's his signature on that pleading. THE WITNESS [defendant]: I can't see it. Q. BY MR. HILL: May I ask, are you sure that—is this— A. I would like to see it. THE COURT: I didn't mean to throw it at you. MR. HILL: It's a slip, that's all, Judge. (The Court hands Mr. Hill the file.) (Mr. Hill hands file to the witness. THE WITNESS: Yes. Q. BY MR. HILL: That's your signature? A. Yes." The statement by counsel for appellant, that it was "a slip," indicates that he regarded the act of the judge as an inadvertence. At the trial, counsel for appellant did not assign the act as misconduct. This contention is not sustainable.

Appellant contends further that the verdict was against the weight of the evidence. She argues that defendant failed to show that plaintiff was guilty of contributory negligence. The questions as to the weight and credibility of the witnesses were for the determination of the jury. There was a conflict in the evidence as to whether appellant's automobile was stopped at a certain intersection immediately preceding the collision. Defendant testified that the collision did not occur at the intersection referred to by appellant, but it occurred near another intersection and that, immediately preceding the collision, appellant stopped her automobile suddenly without giving a signal. The questions of negligence and contributory negligence were questions of fact for the determination of the jury.

The attempted appeal from the order denying appellant's motion for a new trial is dismissed. The judgment is affirmed.

Shinn, P. J., and Patrosso, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 28, 1958. Carter, J., was of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.