[Civ. No. 20132.   First Dist., Div. Three.   Sept. 25, 1962.]

ANGELO FUESTE, Plaintiff and Appellant, v. JOAN JOHNSON et al., Defendants and Respondents.

Dunivan & Byers and Robert K. Byers for Plaintiff and Appellant.

Ricksen, Snook & Vendt, Carl R. Vendt, Richard G. Logan, Ericksen, Ericksen & Kincaid and Richard D. Bridgman for Defendants and Respondents.

SALSMAN, J.—This appeal is from a judgment in favor of the defendants entered upon a jury's verdict in plaintiff's suit for damages for personal injuries. Two points are urged for reversal, the first being a claimed insufficiency of the evidence to support the verdict, and the second, a claim of prejudicial misconduct on the part of defense counsel in argument to

the jury. The case turns largely upon its facts, and we therefore treat each issue briefly, but with sufficient particularity so as to demonstrate that neither has any merit.

In reviewing the claim of an insufficiency of the evidence we are guided by the rules so clearly summarized in *Crawford* v. *Southern Pacific Co.*, 3 Cal.2d 427 [45 P.2d 183], and which need not be repeated here. (See also *Overton* v. *Vita-Food Corp.*, 94 Cal.App.2d 367, 370 [210 P.2d 757], and *Estate of Arstein*, 56 Cal.2d 239-240 [14 Cal.Rptr. 809, 364 P.2d 33].)

The evidence disclosed that plaintiff was driving his vehicle south on the Nimitz Freeway, near the City of Hayward. It was dark, raining, and the traffic was heavy. The defendant Joan Johnson was following plaintiff, and the defendant Catalano followed Johnson. Plaintiff's car and the Johnson car were proceeding at about the same rate of speed, 35 miles per hour. A distance of 50 to 75 feet separated the two vehicles. Joan Johnson could see a short distance ahead of plaintiff's vehicle, but saw no car immediately in front of plaintiff. Plaintiff made a sudden stop on the freeway. Defendant Johnson saw no indication by plaintiff's brake lights that plaintiff's brakes were being applied. Plaintiff gave no hand signal, but testified his lights were on and in good working order. Although there was some water on the highway at the scene of the accident, traffic ahead of plaintiff did not find it necessary to stop, and defendant Johnson was able to walk about without getting her feet wet, even though wearing open-toe shoes.

This recital of only a part of the evidence sufficiently shows that the jury's verdict is supported by substantial evidence. It was a question of fact whether or not plaintiff's sudden stop on the freeway amounted to negligence. The jury apparently determined from all of the evidence that it did, and that it contributed to the happening of the accident. Moreover, it was plaintiff's duty by law to give an appropriate signal of his intention to stop, either by hand and arm, signal lamp, or mechanical device. (Veh. Code, §§ 22109, 22110.) Plaintiff's violation of these statutes would be negligence per se, and would constitute contributory negligence if failure to comply contributed directly to plaintiff's injury. (*Hurtel* v. *Albert Cohn, Inc.*, 5 Cal.2d 145-147 [52 P.2d 922]; *Lutz* v. *Schendel*, 175 Cal.App.2d 140 [345 P.2d 488].) The defendant Johnson's testimony that she saw no signal lights to indicate plaintiff's application of his

brakes would support a finding that no signal was given, even though plaintiff's direct testimony is to the contrary. (*Quiroga v. Southern Pacific Co.*, 130 Cal.App.2d 93 [278 P.2d 80].) ▇ Finally, the interest of plaintiff in the outcome of his case would justify the jury in disregarding his testimony to the effect that his brake lights were in good working order. (*Bazaure v. Richman*, 169 Cal.App.2d 218-222 [336 P.2d 1014].) ▇ There is no substance therefore, in plaintiff's contention that the verdict is unsupported by the evidence.

Little need be said of the claimed negligence on the part of the defendant Catalano. ▇ There was evidence that the Johnson car struck plaintiff's car "seconds" before the Catalano car collided with the Johnson vehicle; that immediately after the impact between the Johnson car and plaintiff's car a distance of 35 to 40 feet separated these two vehicles; that the collision of the Catalano car with the Johnson car did not move the Johnson vehicle forward, and that plaintiff's car did not sustain any second impact. Thus there is evidence, apparently accepted by the jury, that the collision of the Catalano car with the Johnson vehicle was entirely independent of the collision between the Johnson car and plaintiff's car, and hence no act of omission on the part of the defendant Catalano caused any damage to plaintiff.

▇ Plaintiff next contends the argument of defense counsel was improper. Much of the argument is set out in the briefs. In summary, defense counsel chided plaintiff for bringing the defendant Catalano into the action as a party where the claim of liability against this defendant was tenuous and unsupported by any substantial evidence. We see no impropriety in the reported argument, and apparently plaintiff originally saw none, because he did not object at the time the argument was made, and the record discloses no motion on his part for a new trial on this or any other ground. In fact, plaintiff replied fully to defendants' argument stating, in part: "I, personally, don't think that we have been able to establish liability for our injuries on Dr. Catalano," but contending further that it was proper to name Dr. Catalano as a party defendant. ▇ Failure to object to claimed prejudicial argument is generally held to be a waiver of the objection. (*Kershaw v. Tilbury*, 214 Cal. 679, 690 [8 P.2d 109].) ▇ Plaintiff argues that an objection would have been useless and that the claimed impropriety could not have been cured by proper admonition from the trial judge. This assumes too much. The argument alleged to be improper covers

several pages of plaintiff's briefs, and plaintiff had ample time to raise an objection while the argument was being made. Under the circumstances disclosed by the record here the general rule must be held to apply, and plaintiff must be deemed to have waived any objection he may have had to the reported argument. (*Sepulveda* v. *Ishimaru,* 149 Cal.App.2d 543 [308 P.2d 809].)

Judgment affirmed.

Draper, P. J., and Devine, J., concurred.