[Civ. No. 26122.  Second Dist., Div. Three.  Mar. 11, 1963.]

BERNARD B. GORDON, Plaintiff and Appellant, v. J AND L MACHINERY SERVICES COMPANY, Defendant and Respondent.

712

Oshman & Brownfield and Burton Marks for Plaintiff and Appellant.

Veatch, Thomas, Carlson & Dorsey, Henry R. Thomas and Henry F. Walker for Defendant and Respondent.

FILES, J.—This is a rear-end collision case in which a jury returned a verdict for the defense. Plaintiff was the owner and driver of the front car. Defendant was the owner of the rear vehicle. It is undisputed that plaintiff was eastbound on Adams Boulevard when he stopped to yield the right-of-way to a pedestrian in a marked crosswalk, and that the front end of defendant's vehicle collided with the rear of plaintiff's vehicle. In other respects the evidence is in conflict.  For the purposes of testing its sufficiency to support the judgment, it must be viewed in the light most favorable to defendant. (*Crawford* v. *Southern Pac. Co.*, 3 Cal.2d 427, 429 [45 P.2d 183].)

█ The judgment is supported by evidence that plaintiff sustained no damage. The defendant's driver and the pedestrian both testified that plaintiff's vehicle did not move when struck. Neither of these witnesses observed any damage to plaintiff's vehicle. Plaintiff testified to only $14.70 worth of vehicular damage consisting of a bent tail pipe and bent bumper brackets. Plaintiff himself did not notice this damage immediately after the accident and the jury could well have concluded that it occurred some other time. Plaintiff was upright in the front seat holding the steering wheel at the time of the impact, and the jury could have concluded from the evidence that he sustained no bodily injury whatever. █ A negligent act is not actionable unless it results in injury to another. (*Fields* v. *Napa Milling Co.*, 164 Cal.App.2d 442, 447 [330 P.2d 459, 68 A.L.R.2d 1052]; *Kaichen* v. *Showers*, 146 Cal.App.2d 804, 806 [304 P.2d 137].)

█ The judgment can also be supported by evidence that plaintiff was contributively negligent in that he made an unnecessarily abrupt stop. Plaintiff testified that it was a clear day and he was driving between 15 and 25 miles per hour. He was between 15 and 25 feet from the crosswalk when he first observed the pedestrian, and he stopped 2 or 3 feet short of the crosswalk. From this testimony the jury could infer that plaintiff made the most sudden stop that was physically possible. There was evidence that plaintiff was eastbound in the second lane from the south curb of a street 60 feet wide, and that the pedestrian was crossing from north to south. Thus when the pedestrian stepped from the north curb he was 40 feet north of the path of plaintiff's vehicle. The jury could infer that, had plaintiff kept a proper lookout, he would have observed the pedestrian in plenty of time to have brought the vehicle to a gradual stop.

█ Plaintiff complains that it was error for the court to give the following instructions, requested by defendant:

"You are instructed that the law of the State of California, in full force and effect at the time of this accident, provided as follows:

"Section 544 [subdivision] (c) of said [Vehicle] code provided:

" 'No person shall stop or suddenly decrease the speed of a vehicle on a highway without first giving an appropriate signal in the manner provided in this chapter to the driver

of any vehicle immediately to the rear when there is opportunity to give such signal.'

"Section 545 [of the Vehicle Code] reads:

" 'The signals herein required shall be given either by means of the hand and arm or by signal lamp or mechanical signal device of a type approved by the department, . . . .'

"And section 546 [subdivision] (c) [of the Vehicle Code] reads in part as follows:

" 'All signals herein required given by hand and arm shall be given from the left side of a vehicle in the following manner and such signals shall indicate as follows:

" '.    .    .    .    .    .    .    .    .    .    .    .    .    .

" ' (c) Stop or Sudden Decrease of Speed Signal—Hand and arm extended downward beyond the side of the vehicle.' "*

These instructions accurately state the statutory duty imposed upon plaintiff. There was evidence that he stopped suddenly, and plaintiff conceded that he "probably" had a reasonable opportunity to give a hand signal, but did not remember having done so.

In the context of this record the import of these instructions was not adverse to plaintiff. The quoted statute states that the signal may be given either by means of the hand or by a signal lamp or mechanical device. There was no evidence as to whether plaintiff signaled by means of an automatic stop lamp or mechanical device. Thus the jury would have been able to determine from these instructions that defendant had failed to sustain the burden of proving that plaintiff had violated his statutory duty under Vehicle Code, section 544.

We cannot conclude that the giving of this instruction so prejudiced plaintiff as to entitle him to a new trial.

The judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.

---

*Since the 1959 recodification these provisions of law are found in Vehicle Code, sections 22109, 22110, and 22111.