[L. A. No. 27020. In Bank. Mar. 28, 1963.]

EUGENE BUERKLE, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; PANSY A. GROVES, Real Party in Interest.

Baker, Palmer, Wall & Raymond and Robert L. Raymond for Petitioner.

No appearance for Respondent.

James G. Butler for Real Party in Interest.

GIBSON, C. J.—Mrs. Pansy A. Groves brought an action in the Superior Court of Los Angeles County against Eugene Buerkle, a resident of Kern County, and Interinsurance Exchange of the Automobile Club of Southern California, having its principal place of business in Los Angeles County, to recover damages arising out of an accident in which she was injured and her husband was killed. Buerkle moved for a change of venue to the place of his residence, claiming that Interinsurance had been improperly joined as a defendant solely for the purpose of having the action tried in Los Angeles County. The motion was denied, and Buerkle instituted this proceeding in mandamus to compel a change of venue to Kern County.

Under section 395 of the Code of Civil Procedure the county in which one of the defendants resides is a proper place for the trial of an action "for injury to person . . . or for death from wrongful act, or negligence."[1] The section further provides that a person's residence shall not be considered in determining the proper place for trial if he "is improperly joined as a defendant, or has been made a defendant solely for the purpose of having the action tried . . . where he resides." This provision does not justify a change of venue if the plaintiff, in joining the resident defendant, has reasonable grounds for the belief in good faith that he has a cause of action against that defendant and the cause of action pleaded is not prima facie so glaringly defective as to be beyond correction by amendment. (*Peiser* v. *Mettler*, 50 Cal.2d 594, 603 [328 P.2d 953]; *Freeman* v. *Dowling*, 219 Cal. 213, 216 [25 P.2d 980]; *McClung* v. *Watt*, 190 Cal. 155, 161 [211 P. 17].)

---

[1] Within the meaning of this section a corporation resides at its principal place of business. (*Hale* v. *Bohannon*, 38 Cal.2d 458, 472-473 [241 P.2d 4].)

The allegations of the complaint in the main action may be summarized as follows: A truck owned by Mrs. Groves and her husband, which was insured by Interinsurance against collision damage, overturned on April 14, 1961. Under the policy Interinsurance was responsible for the repair of the damage to the truck, and it arranged to have Buerkle make the necessary repairs. Interinsurance and Buerkle had sole control of the inspection and repair of the truck, and each of them negligently failed to inspect and repair it in such a manner as would make it safe to drive. Mrs. Groves and her husband had no knowledge of the work done on the vehicle and relied on Interinsurance and Buerkle for proper inspection and repair. The truck was delivered to Mrs. Groves and her husband on May 4, 1961, and on May 21, 1961, while they were riding in the truck it became uncontrollable and crashed, as a result of which Mrs. Groves was injured and her husband was killed. The crash was proximately caused by the negligence of Buerkle and Interinsurance and by the breach of their express and implied warranties to inspect the truck and perform whatever repairs might reasonably be necessary to make it safe to drive. It is alleged on information and belief that Buerkle and Interinsurance ''were the agents of one another,'' acting within the scope of the agency. The complaint was not verified.

In support of the motion for a change of venue, affidavits were filed containing allegations which may be summarized as follows: Buerkle has no relationship with Interinsurance except that he is sometimes paid by it for repair of insured automobiles, and he has the same relationship with other insurance carriers in the area. Interinsurance deals with him on the same basis as with all the other repair shops in the Bakersfield area, and his establishment is not a required or preferred place of repair. Two bids were obtained for the repair of the truck, and the work was awarded to the lower bidder. The bid is not a limitation on the amount of repair by the garage, and the actual cost of repairing the truck exceeded the bid by more than $125 because additional work was found to be necessary after the job was commenced. Interinsurance did not purport to direct or in any manner control the repairs, and the work necessary to accomplish them was determined by Buerkle.

Mrs. Groves' counteraffidavit alleges that she and her husband expressed a preference to have the truck repaired near their home in Compton, but the adjuster for Interinsurance

said the truck would have to be repaired in Bakersfield, that they should leave the repair of the truck "entirely in his hands," and that he "would take complete care of all details relating to any repair of the truck." Mrs. Groves and her husband later learned that Interinsurance had selected Buerkle to do the work. The adjuster never consulted with them as to which garage in Bakersfield should do the work, and she and her husband did not at any time authorize the work to be done at the garage selected.

In the order denying the motion the court expressly found that the joinder of Interinsurance "is not a sham or spurious merely to defeat removal to Kern County." The court, however, sustained general and special demurrers to the complaint on the theory that the defendants were entitled to a more detailed statement of the terms of the alleged agency and of the obligation of Interinsurance to repair. Mrs. Groves was given leave to amend.

There is obviously no merit in Buerkle's suggestion that the trial court's ruling was based on the finding that he was the agent of the insurer. ■ The court's determination was that Mrs. Groves had joined Interinsurance in good faith and was entitled to an opportunity to amend her complaint. The question presented is whether this determination, which called for denial of the motion, is supported by the record.

When the record is taken in the light most favorable to the trial court's determination, it is proper to conclude that Mrs. Groves is attempting to state a cause of action against Interinsurance on the theory that the insurer, by reason of a special relationship with her, owed her a duty to repair the truck in a careful manner. As a factual basis for this theory, the complaint and the counteraffidavit, although not ideally framed, are at least sufficient to indicate that Interinsurance, pursuant to the policy, undertook to "repair" the truck, rather than pay for the loss, and made all arrangements for the repairs, including the selection of the repairman to do the work. With respect to these facts, there are no controverting allegations in the affidavits in support of the motion, and there can thus be no problem here as to whether the unverified complaint would have been ineffective to determine venue had its averments been controverted by affidavit.[2]

---

[2] There is authority for the view that, where a defendant's affidavit adequately controverts the allegations of an unverified complaint bearing on venue and the plaintiff does not file a counteraffidavit, the defendant's affidavit should prevail. (*Quick* v. *Corsaro,* 180 Cal.App.2d 831, 835-838

We cannot accept Buerkle's contention that, notwithstanding the facts just mentioned, the insurer's obligation to Mrs. Groves was fully satisfied by payment for the work, whether or not it was negligently done. Where an insurer has agreed to "repair" and actively takes the matter in hand, making all necessary arrangements, the reasonable conclusion is that the insurer assumes the duty of having repairs made with due care. It cannot be relieved of its duty merely because it chooses to select an independent contractor for the job and to exercise no supervision over his work.

Our conclusion is in accord with *Attleboro Mfg. Co. v. Frankfort Marine etc. Ins. Co.* (1st Cir.) 240 F. 573, 581. It was there held that a liability insurer which undertakes to defend a suit brought against the insured rather than to pay the claim, assumes the duty of defending carefully and is responsible for the negligence of an attorney it selects for that purpose. (See 7A Appleman, Insurance Law and Practice (1942) 476-480.)

The cases of *Segler v. Callister,* 167 Cal. 377, 380 [139 P. 819, 51 L.R.A. N.S. 772], and *Clendenin v. Benson,* 117 Cal.App. 674, 677 [4 P.2d 616], relied on by Buerkle, are not in point. They hold that, where the owner of a car takes it to a garage for repairs and the mechanic while testing the car drives it in a negligent manner and injures a third person, the negligence cannot be imputed to the owner or the insurer of his car.[3] They do not involve the question of the owner's right of recovery based on a duty to repair.

So far as appears from the record the damage to the truck was such that the insurer, when it elected to repair, should have foreseen that the safety of those using the vehicle would be threatened unless the repairs were carefully made. Although neither the complaint nor Mrs. Groves' affidavit describes the character of the damage with particularity, the complaint can be construed as alleging generally that the damage was such as to require repairs in order to make the truck safe to drive, and specific reference is made to the wheels of the truck. Nothing in the affidavits in support of the motion

[4 Cal.Rptr. 674].) That case holds, however, that, if the defendant's affidavit does not controvert those allegations, the complaint, though unverified, will determine venue.

[3]The accidents in these cases occurred before enactment of legislation providing that an owner of a motor vehicle is subject to limited liability for the negligence of a person driving it with his express or implied consent. (See former Civ. Code, § 1714¼, and former Veh. Code, § 402, predecessors of present Veh. Code, §§ 17150, 17151.)

for change of venue suggests that the damage did not relate to the safety of those using the truck. Thus, whatever may be true where the danger of personal injury cannot be anticipated by the insurer, there is no sound basis here for using a lack of foreseeability of such injury as a ground to limit the insurer's liability to payment for repairs.

The record supports the denial of the motion for a change of venue.

The alternative writ is discharged and the peremptory writ is denied.

Traynor, J., Schauer, J., Peters, J., Tobriner, J., and Peek, J., concurred.

McComb, J., dissented.