THOMAS MOCKMORE, Plaintiff-Appellant, v. RAY STONE d/b/a R. V. Service Center & Equipment *et al.*, Defendant-Appellee.

Third District   No. 3—85—0543

Opinion filed June 2, 1986.

Theodore A. Jackson, of Jackson, Pulsifer & Jackson, of East Moline, for appellant.

Max D. Cartwright, of Bozeman, Neighbour, Patton & Noe, of Moline, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Thomas Mockmore, appeals from an order of the circuit court of Rock Island County which granted with prejudice defendant's, State Farm Mutual Automobile Insurance Company's (insurer or State Farm), motion to dismiss count II of his fourth amended complaint. Suit was brought by Mockmore against State Farm for loss under a collision insurance policy and against State Farm and Ray Stone, d/b/a R. V. Service Center & Equipment (repairer or R. V. Service), for failure to properly repair a 1977 Ford Motor Home.

The facts, according to the pleadings, indicate on May 13, 1983, plaintiff was involved in an automobile accident which damaged his motor home. State Farm, plaintiff's insurer, was notified of the damage, and they told the plaintiff to take the motor home to R. V. Service in Moline for repair. In his complaint, plaintiff alleges R. V. Service repaired the motor home in a negligent manner in that after the repairs the motor home was further damaged when water entered the interior through an improperly repaired portion of the roof. State Farm has refused to pay the repair costs incurred by plaintiff as a result of the unworkmanlike repair of defendant R. V. Service.

To recover, plaintiff filed a series of complaints which were all dismissed for insufficiencies, after each dismissal leave to amend was granted and an amended pleading was filed by plaintiff. No exception or procedure seeking to adhere to the complaint was taken concerning the earlier dismissals and no earlier error by the trial court in dismissing earlier complaints has been presented to this court.

After filing his fourth amended complaint, State Farm moved for a dismissal with prejudice of the complaint and all causes against State Farm on the basis no set of facts could be proved under the pleadings which would entitle plaintiff to recover. The trial court allowed the motion and dismissed the action with prejudice against State Farm.

The plaintiff filed a motion to reconsider alleging count II of his fourth amended complaint sufficiently set out an action for breach of

the insurance contract. The trial court denied the motion and made the necessary finding under Supreme Court Rule 304(a) (103 Ill. 2d R. 304(a)) to permit plaintiff to take this appeal.

The question to be decided by this court is whether the plaintiff has alleged a loss coming within the policy coverage. After a careful review of the fourth amended complaint, and cases wherein the sufficiency of the complaint has been questioned (see, *e.g., Winnett v. Winnett* (1974), 57 Ill. 2d 7, 310 N.E.2d 1; *Burks v. Sky Climber, Inc.* (1974), 57 Ill. 2d 542, 316 N.E.2d 516), and keeping in mind the guidelines set forth in *Doyle v. Shlensky* (1983), 120 Ill. App. 3d 807, 458 N.E.2d 1120, we find that the allegations of the fourth amended complaint constitute the substance of a good cause of action.

While neither party to this action has called to our attention, nor have we found any Illinois case that deals with the issue, we have found numerous cases from other jurisdictions wherein the liability of the insurer for failure to exercise reasonable care in making the repairs was recognized, notwithstanding that, in some of the cases, the work was done by an independent contractor.

The action here was brought on a contract of collision insurance. The policy provides for the limit of liability as follows:

"Limit of Liability-Comprehensive and Collision Coverages

The limit of our liability for loss to property or any part of it is the lower of:

1. the actual cash value; or

2. the cost of repair or replacement."

The policy further provides:

"Settlement of Loss-Comprehensive and Collision Coverages

We have the right to settle a loss with you or the owner of the property in one of the following ways:

1. pay up the actual cash value;

2. pay to repair or replace the property or part with like kind and quality. If the repair or replacement results in better than like kind and quality, you must pay for the amount of the betterment;"

This latter provision gives the defendant State Farm the option to repair, restore or replace the damages motor home in lieu of paying the amount of insured loss. In 15 Couch on Insurance 2d (1983), sec. 54:37, at 437-38, it is stated:

"Where the insurer exercises its option to repair it is in the same legal position as any person making repairs, insofar as liability to strangers is concerned. Consequently, where a collision insurer has agreed to repair and actively takes the matter

in hand, making all necessary arrangements, the reasonable conclusion is that the insurer thereby assumes the duty of having the repairs made with due care; and it is not relieved of this duty merely because it chooses to select an independent contractor to make the repairs, and refrains from exercising any supervision over his work."

Cases from other jurisdictions illustrating the application of the foregoing rule to circumstances wherein the insurer was held liable for the results of the negligent repair of a motor vehicle are *State Farm Mutual Automobile Insurance Co. v. Dodd* (1964), 276 Ala. 410, 162 So. 2d 621; *Buerkle v. Superior Court of Los Angeles County* (1963), 59 Cal. 2d 370, 379 P.2d 941, 29 Cal. Rptr. 509; *Venable v. Import Volkswagon, Inc.* (1974), 214 Kan. 43, 519 P.2d 667; *Gregoire v. Insurance Co. of North America* (1969), 128 Vt. 255, 261 A.2d 25; see also 68 A.L.R.3d 1196 (1976).

The major thrust of the rule as discussed and applied in the foregoing cases is that the insurer's election to repair the vehicle together with its selection of the means by which such repairs are to be accomplished imposes a contractual liability for damages resulting from negligent repairs. Assuming the facts as alleged in the complaint to be true as we must, for the purpose of testing the sufficiency of the complaint, State Farm not only elected to repair the vehicle but also directed the repairs be undertaken by a particular repair service. If as alleged such repairs were negligently made, State Farm's contractual responsibility includes the damages resulting from negligent repair.

For the foregoing reasons the judgment of the circuit court of Rock Island County is reversed and remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

BARRY and HEIPLE, JJ., concur.